**ORIGINAL**

# In The United States Court of Federal Claims

No. 14-247 T

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: April 15, 2014)

**FILED**

APR 1 5 2014

U.S. COURT OF
FEDERAL CLAIMS

MEHLEK DAWVEED c/o OLAJUMOKE O. OGUNFIDITIMI, *pro se*,

  Plaintiffs,

v.

THE UNITED STATES,

  Defendant.

## OPINION and ORDER

On March 31, 2014, Mehlek Dawveed and Olajumoke Ogunfiditimi (plaintiffs) filed a complaint claiming that defendant violated the Due Process Clause, and various Federal statutes, in seizing plaintiffs' bank account and issuing a tax lien judgment. The complaint seeks damages in the amount of $8,961,915.66.

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiffs are acting *pro se* before this court, and thus the court will hold the form of their submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiffs' complaint, this court is certain that it lacks jurisdiction to consider the claims that they raise.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States in certain limited circumstances. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. This court lacks jurisdiction to consider plaintiffs' claims regarding the validity of the IRS liens and levies in question, which claims must be filed in the federal district courts. *See* 26 U.S.C. §§ 7426, 7429; *see also Rogers v. United States*, 66 Fed. Appx. 195, 198

(Fed. Cir. 2003); *Cox v. United States*, 105 Fed. Cl. 213, 219 (2012). Nor does it have jurisdiction to hear damage claims arising out of the IRS's collection activities, as those claims are likewise reserved for the federal district courts. *See* 26 U.S.C. § 7433(a); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curiam); *Tiernan v. United States*, 113 Fed. Cl. 528, 533-34 (2013). Rather, this court's jurisdiction under the Internal Revenue Code is generally limited to the adjudication of tax refund suits, *see* 26 U.S.C. § 7422, and this is not such a suit. In addition, this court lacks jurisdiction over plaintiffs' allegations of due process violations because a Fifth Amendment due process violation does not create an independent action for money damages. *See Rogers*, 66 Fed. Appx. at 198; *Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir. 1987). Finally, to the extent that plaintiffs' complaint may be read as seeking an injunction barring further collection activities by the Commissioner of Internal Revenue, it runs afoul of the Anti-Injunction Act, which states explicitly that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421.

Accordingly, this court lacks jurisdiction over every claim raised by plaintiffs. The Clerk shall dismiss plaintiffs' complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge